## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD

**OMAR ANTHONY GREEN,**

    **Petitioner,**

**v.**

                        **Case No. 1:14-cv-31194**

**BART MASTERS, Warden,**
**FCI McDowell,**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("section 2241 petition") (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The petitioner is a federal inmate presently incarcerated at CI D. Ray James, a private correctional institution in Folkston, Georgia that is contracted to house Federal Bureau of Prison (BOP) inmates. At the time that he filed the instant section 2241 petition, however, the petitioner was incarcerated at FCI McDowell, a BOP facility in Welch, West Virginia.

The petitioner is serving an aggregate 108-month sentence after being convicted in the United States District Court for the Middle District of Florida of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and one count of failure to appear, in violation of 18 U.S.C § 3146(a)(1). His projected release date is January 12, 2020.

The instant petition requests that 41 days of good conduct time be restored to the petitioner's sentence because he received such sanction from a non-BOP Disciplinary Hearing Officer (DHO) while he was incarcerated at the McCrae Correctional Facility, another BOP contract facility. Although no authority is cited in the petition itself, based upon the respondent's Response and the petitioner's Reply, it appears that the petitioner is relying upon the decision in *Arredondo-Virula v. Adler*, 510 F. App'x 581 (9th Cir. 2013), in which the Ninth Circuit held that, under the regulations in effect at that time, a non-BOP DHO could not impose a disciplinary sanction, including loss of good conduct time, on a BOP inmate.

On May 5, 2016, the respondent filed a Response to Order to Answer (ECF No. 9), indicating that the petitioner's disciplinary violation (Incident Report No. 2468879) was remanded for re-hearing before a BOP DHO at FCI McDowell, who upheld the loss of 41 days of good conduct time on April 28, 2016. (*Id.*, Ex. 1 and Attach. A). Accordingly, the respondent asserts that the petitioner's section 2241 petition is now moot.[1]

---

[1] "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 710 F.2d 689, 693-94 (4th Cir. 1983). Thus, as addressed in the respondent's Response, a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Therefore, if developments occur during the course of the litigation that eliminate a plaintiff's personal

On June 10, 2016, the petitioner filed a Reply (ECF No. 10), opposing the respondent's assertion that his claim was mooted by the re-hearing of his disciplinary action by a BOP DHO at FCI McDowell. The Reply states in pertinent part:

> [T]he incident Report No. 2468879 was 'never' heard by the ("BOP") ("DHO") official – and the officer who had so-called – Reheard incident report No. 2468879 (Reheard on 04-28-2016) <u>also</u> had no jurisdiction to "Rehear" an incident report that was not initially achieved [sic; achieved] while Petitioner has been housed in custody of FBOP, i.e., Petitioner's claims in the habeas corpus writ section 2241 – challenges the fact that the DHO hearing officer who was employed by a private corporation and not by the BOP – was not authorized to disallow – Petitioner of 41 days of good conduct time for incident report No. 2468879 on 10-01-2013 1119. <u>Arrendo</u>, supra. However, Respondent in its attempts to bind the unauthorized sanctions against Petitioner – has actually created – yet - another unauthorized, illegal and unconstitutional action – to uphold its nature – no matter if it is right or wrong. As here, the respondent, the (BOP) (DHO) – faculty Chairperson . . . McDowell-M. Leslie would be unauthorized to re-hear an incident that has violated Due Process and CFR.

(*Id.* at 2). Thus, the petitioner appears to be asserting, without any authority in support thereof, that the BOP DHO at FCI McDowell lacked jurisdiction or authority to re-hear and impose the sanction because the alleged violation occurred at a non-BOP facility. Accordingly, he asserts that the issue is still live and that he still has a cognizable interest in the outcome thereof. (*Id.* at 3).

This case is similar to that of *Pena-Carrizoa v. Bragg*, No. 1:14-cv-25696, ECF No. 9 (S.D. W. Va., Dec. 7, 2016), which was decided by the presiding District Judge on December 7, 2016. In *Pena-Carrizoa*, the presiding District Judge adopted the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Cheryl A.

---

stake in the outcome of a matter or prevent the court from granting the relief sought, the case must be dismissed as moot. *See Blanciak v. Allegheny Ludlum, Co.*, 77 F.3d 690, 699 (3d Cir. 1996) (ECF No. 9 at 2).

Eifert, 2016 WL 7168412 (S.D. W. Va., Aug. 16, 2016), and denied, in part[2], a prisoner's section 2241 petition, finding that a disciplinary sanction of the loss of good conduct time that had initially been imposed by a non-BOP DHO, which was re-heard and upheld by a BOP DHO, mooted a due process claim brought by the prisoner pursuant to *Arredondo-Virula*.

>As noted in Magistrate Judge Eifert's PF&R:
>
>The Ninth Circuit's decision in *Arredondo-Virula* was based upon a regulation in place at the time, which stated that "only institution staff may take disciplinary action," 28 C.F.R § 541.10(b)(1) (2010); "staff" was defined in 28 C.F.R. § 500.1(b)(1) as "any employee of the Bureau of Prisons or Federal Prison Industries, Inc."
>
>Since the court's ruling in *Arredondo-Virula*, the Code of Federal Regulations was revised, including sections concerning the inmate disciplinary process. According to the revisions, which took effect on June 20, 2011,[3] the inmate discipline program applies to all prisoners in BOP custody, including those held in a contracted facility. 28 C.F.R. § 541.2 (2011) provides:
>
>>This program applies to sentenced and unsentenced inmates in Bureau custody. It also applies to sentenced and unsentenced inmates designated to any prison, institution, or facility in which persons are held in custody by direction of, or under an agreement with, the Bureau of Prisons. (emphasis added).
>
>Consequently, section 541.10(b)(1) (2010), which contained the language the Ninth Circuit found to be determinative in *Arredondo–Virula*, was repealed. Nevertheless, the disallowance of good conduct credits by a contracted DHO remains problematic. *See Arellano v. Benov*, No. 1:13-cv-00558, 2014 WL 1271530, at *12 (E.D. Ca. Mar. 27, 2014) (holding that the regulations authorize only BOP staff to impose sanctions). Despite the incorporation of contracted facilities into the revised regulations, the regulatory purpose section remains unchanged, specifying only that "Bureau staff" may impose sanctions on inmates. See 28 C.F.R. § 541.1

---

[2] The PF&R further found that a second disciplinary sanction that was not re-heard by a BOP DHO was not moot and the prisoner was granted habeas corpus relief thereon for several reasons not relevant to the instant matter.

[3] This revision took place two years before the disciplinary action challenged by the petitioner.

> ("This program helps ensure the safety, security, and orderly operation of correctional facilities, and the protection of the public, by allowing Bureau staff to impose sanctions on inmates who commit prohibited acts."). Under the revised regulations, "staff" is still defined in 28 C.F.R. § 500.1(b) as "any employee of the Bureau of Prisons or Federal Prison Industries, Inc."
>
> In this case, petitioner received a re-hearing of Incident Report No. 2271172 before a DHO employed by the BOP. Therefore, the sanctions as to Incident Report No. 2271172 were imposed by "Bureau staff" in accordance with 28 C.F.R. § 541.1. (ECF No. 5-1 at 64-68). As such, the constitutional defect claimed by Petitioner in his habeas petition has been corrected with respect to Incident Report No. 2271172, rendering that portion of his petition moot.

*Pena-Carrizoza*, 2016 WL 7168412, at *3.

In the instant action, the petitioner's disciplinary sanction was imposed after the repeal of 28 C.F.R § 541.10(b)(1) and in accordance with 28 C.F.R. § 541.2. However, because 28 C.F.R. § 500.1(b) still defined staff as "any employee of the Bureau of Prisons or Federal Prison Industries, Inc." it appears that any disciplinary sanction must be imposed by a BOP employee. Nonetheless, when the BOP DHO at FCI McDowell re-heard and upheld the sanction of the loss of 41 days of the petitioner's good conduct time, the sanction was imposed by a BOP employee in accordance with 28 C.F.R. §§ 500.1(b), 541.1 and 541.2. Thus, any due process violation or other constitutional defect alleged by the petitioner was corrected and the issue is now moot. *See Rodriquez-Puente v. Feather*, No. 3:14-cv-01939, 2015 WL 3514173 (D. Or., June 4, 2015) ("[T]here is no relief that can be provided by a favorable decision" when a rehearing is conducted by a BOP DHO) (collecting cases). The petitioner has not pointed to any legal authority that would call into doubt this finding.

5

## **RECOMMENDATION**

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is moot. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the section 2241 petition (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner and to transmit a copy to counsel of record.

<u>December 13, 2017</u>

Dwane L. Tinsley
United States Magistrate Judge